IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN E. HAMMOND,    #122180, ) | Civil Action No. 3:07-3099-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MAJOR D. BUSH; ) | |
| CAPT. R. ABSTON; ) | |
| LT. HUNTER; ) | |
| SGT-LT. C. WILLIAMS; ) | |
| SGT. D. HAROUFF; ) | |
| OFC. JEREMY JEFFREY, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on September 12, 2007.[1] He is an inmate at the Perry Correctional Institution ("PCI) of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that Defendants used excessive force against him on June 10, 2007, and were deliberately indifferent to his medical needs thereafter. He also asserts claims for negligence and for assault and battery. On November 27, 2007, Plaintiff filed a motion for Partial Summary Judgment. Defendants filed a response on December 6, 2007. Defendants filed a motion to dismiss on December 6, 2007. Plaintiff, because he is proceeding pro se, was advised on December 12, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of his complaint. Plaintiff filed a response on January 31, 2008. On January 2, 2008, Plaintiff filed another motion for summary judgment. Defendants filed a response on January 14, 2008.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this Report and Recommendation is entered for review by the court.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The non-moving party is entitled, to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute. See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

## PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff appears to argue that his motions for summary judgment should be granted because he has shown that Defendants used excessive force against him. Defendants contend that Plaintiff's motions for summary judgment should be denied because Plaintiff failed to exhaust his available administrative remedies, Plaintiff's motion is premature as discovery has not been completed, and genuine issues of material fact exist with respect to Plaintiff's claims.

It is recommended that Plaintiff's motions for summary judgment be denied. In his motions, as well as other pleadings, Plaintiff admits that there are genuine issues of material fact in dispute. Thus, granting summary judgment is not appropriate at this time. See Fed. R. Civ. P. 56(c). Further, Defendants provide that discovery has not been completed in this action and Plaintiff does not appear to dispute this. Generally, summary judgment is appropriate only after adequate time for discovery. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996).

## DEFENDANTS' MOTION TO DISMISS

Defendants contend that their motion to dismiss should be granted because, on the face of the complaint, it is obvious that Plaintiff did not exhaust his available administrative remedies prior to filing this action. Plaintiff appears to contend that the motion to dismiss should not be granted because he "filed several grievances and wrote to a number of prison officials." He claims that "[t]he grievance system at PCI is a farce at best." Plaintiff's Motion for Summary Judgment (Doc. 40) at 4.

In Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007), the Supreme Court decided that failure to exhaust available administrative remedies is an affirmative defense, not a jurisdictional

requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it. See Jones, 549 U.S. at __, 127 S.Ct. at 918-26; see also Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). However, even if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue. See Anderson, 407 F.3d at 682 (holding that district court may raise affirmative defense of exhaustion sua sponte under the PLRA so long as plaintiff is given an opportunity to respond).

In his complaint, Plaintiff provided that he filed a grievance with SCDC (regarding the matters alleged in his complaint) on June 11, 2007 and had not received a final agency/departmental/institutional answer or determination in the matter. He also wrote that his Step 1 inmate grievance was still pending. Complaint at 2. Thus, it is apparent from the face of the complaint that Plaintiff had not exhausted his available administrative remedies. Further, the requisite amount of time after filing a grievance with SCDC had not passed prior to Plaintiff filing this action.[2]

---

[2] An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. The Court may take judicial notice of SCDC Policy GA-01.12. As noted in Jones v. Kay, 2007 WL 4292416 (D.S.C. 2007), the time limits of this policy are summarized as follows:
> (1) an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; (2) the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; (3) the Warden should respond to the grievant in writing within forty (40) days; (4) the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and (5) a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

The decision of the "responsible official" who answers the Step 2 appeal is the Department's final
(continued...)

In his responses and motions, Plaintiff does not appear to dispute that he had not exhausted his available administrative remedies at the time he filed this action. He instead appears to complain about the grievance system. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that SCDC Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Plaintiff may be attempting to assert that he has now exhausted his available administrative remedies. See Plaintiff's Response (Doc. 500) at 4. A prisoner, however, does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677; Cabbagestalk v. Ozmint, 2007 WL 2822927 (D.S.C.2007). See also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir.2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in

---

[2](...continued)
response in the matter. See SCDC Policy GA-01.12 (Inmate Grievance System) issued 1-1-2006.

federal court."), overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) (holding a "prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (holding "[a]n inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir.1999) (holding "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for partial summary judgment (Doc. 20) and his motion for summary judgment (Doc. 40) be denied. It is also recommended that Defendants' motion to dismiss (Doc. 30) be granted.

            Respectfully submitted,

            s/Joseph R. McCrorey
            United States Magistrate Judge

August 20, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7