IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Hammond, #122180,  )<br>  )<br>Plaintiff,  )<br>  )  Civil Action No. 3:07-3099-SB<br>v.  )<br>  )<br>Major D. Bush; Capt. R. Abston;  )  **ORDER**<br>Lt. Hunter; Sgt.-Lt. C. Williams;  )<br>Sgt. D. Harouff; Ofc. Jeremy Jeffrey,  )<br>  )<br>Defendants.  )<br>_____ ) | |

This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court deny the Plaintiff's motions for summary judgment and grant the Defendants' motion to dismiss. The Plaintiff filed timely objections to the R&R. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

The Plaintiff, an inmate at the Perry Correctional Institution, filed the present action on September 12, 2007. In his complaint, the Plaintiff alleges that the Defendants used excessive force against him on June 10, 2007, and were deliberately indifferent to his medical needs. In addition, the Plaintiff also asserts claims for negligence and assault and battery.

On November 27, 2007, the Plaintiff filed a motion for partial summary judgment,

to which the Defendants filed a response on December 6, 2007. In addition, the Defendants filed a motion to dismiss. On December 12, 2007, the Plaintiff was advised, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion to dismiss could result in the dismissal of his complaint. On January 2, 2008, the Plaintiff filed a second motion for summary judgment, and on January 31, 2008, the Plaintiff filed a response to the Defendants' motion. The Defendants responded to the Plaintiff's second motion for summary judgment on January 14, 2008. On August 20, 2008, the Magistrate Judge issued an R&R recommending that the Court deny the Plaintiff's motions for summary judgment and grant the Defendants' motion to dismiss based on the Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which the objection is made and the basis for such objection. Id. After a review of the record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

"As a general rule, plaintiffs proceeding under § 1983 need not exhaust state

administrative remedies before filing suit. The PLRA, however, reversed that rule as to prison-condition lawsuits." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 523 (2002); Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982), and 42 U.S.C.A. § 1997e(a)). Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Anderson, 407 F.3d at 677 (citing Porter, 534 U.S. at 524). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524; see also Booth v. Churner, 532 U.S. 731, 734, 739 (2001) (requiring exhaustion of Eighth Amendment claim for money damages despite the fact that money damages were not available under the state's administrative grievance scheme).

Although exhaustion is a prerequisite to suit, it is not a pleading requirement. Anderson, 407 F.3d at 677. Thus, a plaintiff need not allege exhaustion of remedies in his complaint, but rather, failure to exhaust is an affirmative defense. Id. However, even if it is not apparent from the pleadings that an inmate failed to exhaust his administrative remedies, a complaint may still be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue. See also Anderson, 407 F.3d at 682 (holding that the court may dismiss a case *sua sponte* on exhaustion grounds in cases where a complaint clearly shows that an inmate has not exhausted his administrative

3

remedies).

Here, as the Magistrate Judge noted in the R&R, it is apparent from the face of the Plaintiff's complaint that he did not exhaust his administrative remedies. Specifically, when asked whether he filed a grievance concerning his claims, the Plaintiff indicated that he filed a grievance on June 11, 2007, but that he had not received a final determination concerning the matter. Moreover, as the Magistrate Judge noted, the requisite amount of time after filing a grievance had not passed prior to the filing of this action.[1]

In his objections to the R&R, the Plaintiff merely rehashes the allegations made in his complaint and asserts that summary judgment is inappropriate because genuine issues of material fact exist. With respect to exhaustion, the Plaintiff asserts that he has had difficulty obtaining copies of his grievance forms but claims that he is not required to exhaust his remedies before proceeding under § 1983. Unfortunately for the Plaintiff, however, as previously explained, the Plaintiff is required to exhaust his administrative remedies pursuant to the PLRA. See Anderson, 407 F.3d 674. Therefore, after a thorough review of the Plaintiff's objections, the Court finds them to be without merit.

In addition to filing objections to the R&R, the Plaintiff filed a request for legal counsel. "[I]t is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983." Joe v. Funderburk, 2006 WL 2707011, *4 (D.S.C. Sept. 18, 2006) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). And although the courts have the authority to appoint counsel for indigent defendants in civil cases, see

---

[1] An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. See Jones v. Kay, 2007 WL 4292416, *5 (D.S.C. Dec. 5, 2007); SCDC Policy GA-01.12.

28 U.S.C. § 1915(e), courts should only exercise this authority in "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Here, nothing in the record suggests that "exceptional circumstances" warrant the appointment of counsel. Moreover, the Court finds that the Plaintiff is not prejudiced by any lack of counsel at this juncture, as his complaint is subject to summary dismissal for failure to exhaust his administrative remedies, and the Court dismisses his complaint *without* prejudice. Accordingly, the Court denies the Plaintiff's request for court-appointed counsel.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted; the Plaintiff's objections are overruled; the Plaintiff's motions for summary judgment (Docs. # 20 and 40) are denied; the Plaintiff's motion to appoint counsel (Doc. #55) is denied; the Defendants' motion to dismiss (Doc. #30) is granted; any remaining motions are denied as moot, and the Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States

September 10, 2008
Charleston, South Carolina